UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MAGNANDONOVAN, an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:21-cv-00863-SB-ADS<br><br>ORDER ACCEPTING IN PART U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint (Dkt. No. 32), Defendant's Motion to Dismiss (Dkt. No. 41), Plaintiff's Opposition to the Motion to Dismiss (Dkt. No. 45), the Report and Recommendation of United States Magistrate Judge (Dkt. No. 54), Plaintiff's Objections to the Report and Recommendation (Dkt. No. 57), the parties' supplemental briefing (Dkt. Nos. 68, 71), the Supplemental Report and Recommendation of United States Magistrate Judge (Dkt. No. 75), Plaintiff's Objections to the Supplemental Report and Recommendation (Dkt. Nos. 78, 79), and all the records and files herein.  The Court has engaged in a de novo review of

those portions of the Report and Recommendation and Supplemental Report and Recommendation to which objections were made and overrules the objections.

Plaintiff objects to the Magistrate Judge's finding that her claims arise under the Medicare Act and that Plaintiff was therefore required to exhaust her administrative remedies before the Department of Health and Human Services (HHS), and not the Social Security Administration (SSA). Plaintiff argues that (1) the Social Security Administration (SSA) is responsible for calculating the required deduction for her Medicare Part B premium and deducting that amount from the social security benefits given to her and (2) Plaintiff sued the Commissioner of the SSA.[1] Plaintiff's objections are without merit.

After a final administrative decision, a party may obtain review of the decision in a federal action. 42 U.S.C. § 405(g). "No action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under" the Medicare Act. *Id*. § 405(h). A claim arises under the Medicare Act "where the standing and the substantive basis for the presentation of the claim[] is the Medicare Act," "where the [claim is] inextricably intertwined with a claim for Medicare benefits," or where the claim is a "cleverly concealed claim[] for benefits." *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010) (cleaned up).

Plaintiff's claims arise under the Medicare Act, as they are based on the SSA's determination of her Medicare Part B premiums that are deducted from her monthly social security retirement benefits. Although the SSA makes the initial determination of her Medicare Part B premium amount, it does so by applying Medicare's rules. See *Degnan v. Burwell*, 765 F.3d 805, 807–08 (8th Cir. 2014)

---

[1] Plaintiff also raises various procedural objections to the proceedings before the Court, but those objections do not alter that the Court lacks subject matter jurisdiction.

(explaining that calculation of a Medicare premium is based on Medicare regulations). In bringing this action, Plaintiff argues that the SSA's determination was erroneous and asks this Court to direct the agency "to refund the Plaintiff the difference between the correct retirement benefits of $73.00 and the incorrect amount of $56.00 for all the months Defendant has made this error, and prospectively adjust the SSA retirement benefits to reflect the correct monthly amount of $73.00 . . . ." First Amended Complaint ¶ 133. In support of this request, Plaintiff asserts a variety of claims, including constitutional and equitable estoppel claims, which are based on alleged errors in calculating her benefits and reviewing her case in the administrative process. *Id*. ¶¶ 117–31. All the asserted claims are thus "inextricably intertwined" with a claim for Medicare benefits (in the form of a requested reduction in the amount of her Medicare premiums). *Do Sung Uhm*, 620 F.3d at 1141 (explaining that a claim that is "ultimately one for benefits" must be exhausted regardless of the cause of action).[2] Since Plaintiff's claims arise under the Medicare Act, she is required to exhaust the available administrative remedies before the Court has jurisdiction to hear the claims. 42 U.S.C. § 405(g); *Sensory Neurostimulation, Inc. v. Azar*, 977 F.3d 969, 976 (9th Cir. 2020).

---

[2] To the extent Plaintiff is unable to present the precise constitutional challenges alleged in the FAC through the administrative review process, she still must exhaust her benefits claims before she can bring her constitutional challenges in a lawsuit. See *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 23–24 (2000) ("The fact that the agency might not provide a hearing for that *particular contention,* or may lack the power to provide one, is beside the point because it is the 'action' arising under the Medicare Act that must be channeled through the agency. After the action has been so channeled, the court will consider the contention when it later reviews the action." (internal citations omitted)).

Plaintiff has not exhausted her administrative remedies. After an Administrative Law Judge (ALJ) with HHS's Office of Medicare Hearings and Appeals (OMHA) dismissed Plaintiff's administrative proceeding for lack of jurisdiction, Plaintiff appealed the determination to HHS's Medicare Appeals Council (MAC). The MAC found that OMHA has jurisdiction and remanded the case to OMHA for further proceedings. The MAC explained:

> An individual dissatisfied with the SSA's initial determination on a question of entitlement has a right to reconsideration by the SSA, followed by a right to a hearing before an OMHA ALJ . . . .
>
> In this case, the SSA issued a reconsideration decision on March 9, 2018, affirming its initial determination by concluding that there was no error in the Part B premium increase for the appellant from $104.90 in December 2015, to $121.80 effective January 2016. In reaching this determination, the SSA concluded that the hold harmless provision of section 1839(f) of the Act did not apply in the appellant's case to prevent the premium increase. We find the premium adjustments in the form of an increase in the appellant's Part B premium clearly fall within actions by the SSA that are initial determinations for purposes an OMHA ALJ hearing. 42 C.F.R. §§ 405.904(a)(1), 405.924.(a)(5). Therefore, the appellant has a right to an OMHA ALJ hearing of the SSA's reconsideration. Accordingly, the ALJ erred in dismissing the appellant's request for hearing.

Dkt. No. 41-2 at 4 of 5 (cleaned up). In its remand order, the MAC vacated the ALJ's dismissal and directed the OMHA to assign the case for further proceedings "not inconsistent with this order." *Id*.

On remand, the OMHA ALJ summarily dismissed the case, finding once again that he lacked jurisdiction. Dkt. No. 60 at 16 of 21. The ALJ expressly declined to follow the direction of the appellate tribunal, concluding that the MAC was wrong. *Id*. n.1 (stating that the ALJ was "continu[ing] to decline jurisdiction" because the MAC "omitted" important regulatory language that "substantively alter[ed] the legal analysis"). The ALJ cited no authority in support of its decision to disregard the MAC's remand order—a decision that appears to be contrary to law. *See* 42 C.F.R. § 405.1126(b) ("The ALJ . . . will take any action that is

4

ordered by the [MAC] and take any additional action that is not inconsistent with the [MAC's] remand order.").

Plaintiff's frustration with the administrative review process in this case is amply justified. While the exhaustion requirement serves legitimate legislative objectives, those charged with executing this important administrative function must do so within established legal boundaries and should do so, whenever possible, to minimize bureaucratic confusion and delay. This case, by contrast, smacks of bureaucratic confusion and delay. Nevertheless, the Court is not prepared to conclude at this point—as would be necessary to sidestep the exhaustion requirement—that "the administrative channeling requirement would mean that there would be 'no review at all' of the plaintiff's claim." *Sensory Neurostimulation*, 977 F.3d at 976. Plaintiff has not demonstrated that she has appealed the ALJ's most recent order to the MAC. Accordingly, Plaintiff has not exhausted her administrative remedies.[3]

Exhaustion is a jurisdictional requirement. Because Plaintiff's claims are subject to administrative exhaustion and she has not exhausted her administrative remedies as discussed above, this Court has no jurisdiction to consider the merits of her claims, including whether she has failed to state a claim for relief. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning."). The Court therefore adopts only those portions of the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation finding that the Court lacks subject matter jurisdiction due to

---

[3] If Plaintiff continues to be unable to present the merits of her claims through the administrative process after appealing the ALJ's dismissal order, the Court would consider whether the exception to the administrative channeling requirement applies.

5

Plaintiff's failure to exhaust the available administrative remedies. The Court does not adopt those portions finding that Plaintiff has failed to state a claim.

Accordingly, IT IS HEREBY ORDERED:

1. The Court accepts the findings and recommendations of the Magistrate Judge solely to the extent that the Magistrate Judge finds that the Court lacks subject matter jurisdiction over Plaintiff's claims (Dkt. Nos. 54, 75);
2. Defendant's Motion to Dismiss is granted for lack of subject matter jurisdiction, and the First Amended Complaint is dismissed without leave to amend (Dkt. Nos. 32, 41);
3. This case is dismissed without prejudice; and
4. Judgment is to be entered accordingly.

Dated: July 10, 2023

Stanley Blumenfeld, Jr.
United States District Judge